

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONALD MATTHEWS, )
)
Plaintiff, )
v. ) Civil Case No.: 3:09cv789
)
NATIONWIDE MUTUAL INSURANCE )
COMPANY, )
)
c/o CT )
)
Defendant. )

## COMPLAINT

Plaintiff Donald Matthews alleges as follows:

### INTRODUCTION

1. Randolph Moore ("Moore") hit and badly injured Donald Matthews ("Matthews") while drunk driving his longtime, live-in girlfriend, Victoria Roper's ("Roper") car. Nationwide Mutual Insurance Company ("Nationwide") provided liability insurance for that car. When Matthews sued Moore for his injuries, Nationwide declined to defend or indemnify Moore. As grounds, Nationwide argued that Moore did not have express or implied permission to use the car. If Nationwide had properly investigated the matter, it would have learned that Moore had permission to routinely drive Roper's car and had done so for the year that Roper owned it. Moreover, Roper never revoked that permission before the accident. As a direct and proximate result of Nationwide's bad faith failure to defend Moore, Matthews secured a default judgment against Moore for $350,000 plus post-

1

judgment interest and costs. Moore has since assigned all his rights against Nationwide to Matthews.

## PARTIES

2. Matthews is a resident of Virginia.

3. Nationwide is organized under the laws of Ohio, with its principal place of business in Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a) because the parties are citizens of different states and the amount in dispute exceeds $75,000, excluding interest and costs.

5. Venue is proper in this district and division under 28 U.S.C. §1391(a) because Nationwide resides in this district and division, and also because a substantial part of the events and omissions giving rise to this suit happened within this district and division.

## THE ACCIDENT

6. On or about July 12, 2006, Moore hit and badly hurt Matthews while driving Roper's auto. Moore's blood alcohol content ("BAC") was .18% by weight by volume. Roper was the named insured for the aforesaid auto under a Nationwide policy.

7. Later, Moore was convicted of driving under the influence and leaving the accident scene. He served ten days in jail.

## NATIONWIDE IMPROPERLY DENIED MOORE A DEFENSE AND INDEMNITY

8. Moore sought a defense and indemnity from Nationwide for the accident under the policy for the auto.

9. Nationwide declined to provide a defense or indemnity. As grounds, it asserted that Moore did not have permission to use the auto.

10. On information and belief, Nationwide never interviewed Moore as to the facts and circumstances surrounding his permission to drive the auto before Nationwide declined to provide Moore with a defense and indemnity.

11. If Nationwide had conducted a proper investigation, it would have learned the following:

- Moore and Roper had lived together for about 2 ½ years at the time of the accident, except for a brief separation some time before;

- Roper kept all of her belongings at their shared apartment, where she received all her bills and mail;

- Roper had owned the auto for a year;

- During that year, Moore drove the auto three to four times per month, and had express permission to do so;

- Roper never revoked Moore's permission to use the auto prior to the accident;

- To drive the auto, Moore used keys Roper kept on a table in their shared apartment where he could easily access them;

- Before the accident, Roper had never said that Moore could not use those keys or her automobile, and Moore used them many times with Roper's knowledge;

- Roper continued to live with Moore for at least a year after the accident;

- Roper never sought charges against Moore for allegedly stealing her car in connection with the accident; and

3

- Roper gave Moore no instruction not to use the car on the day of the accident.

12. Virginia Code §38.2-2204 requires that all auto policies issued in Virginia provide coverage to anyone who uses a covered auto with the express or implied permission of the named insured. If such auto policies do not provide such coverage, it is imposed by operation of law.

13. Moore had express permission to use Roper's auto when the accident happened, as evidenced above and otherwise.

14. In the alternative, Moore had implied permission to use Roper's automobile when the accident happened, as evidenced above and otherwise.

15. Matthews sued Moore in Henrico County Circuit Court in *Matthews v. Moore*, Case Number CL07-1509.

16. Nationwide did not provide a defense for Moore against that action. Moore was unable to afford a lawyer to defend him, and with no high school degree, let alone legal training, he could not adequately defend himself.

17. As a direct and proximate result of Nationwide's failure to defend Moore or to settle the case, the circuit court found Moore in default on August 17, 2007. The circuit court entered a default judgment Order on October 31, 2007. And after hearing evidence, the circuit court entered final judgment for Matthews and against Moore for $350,000 plus post-judgment interest and costs on February 12, 2008.

18. Well after that judgment, Moore assigned all his rights against Nationwide to Matthews.

## COUNT I

### BREACH OF CONTRACT

19. Nationwide owed a duty to defend and indemnify Moore in connection with the accident and the underlying lawsuit as Moore had express or implied permission, or both, to use the auto.

20. Nationwide breached its duties to Moore by declining to provide a defense or to indemnify him.

21. As a direct and proximate result of that breach, Matthews obtained a default judgment against Moore, thereby damaging him.

22. Nationwide acted in bad faith by:

- failing to properly investigate Moore's right to a defense and indemnity;

- failing to properly investigate the accident and applicable coverage;

- declining to provide Moore a defense despite facts that unequivocally showed that Moore had express or implied permission to use the auto;

- failing to settle the case within policy limits, and

- failing to indemnify Moore against the subsequent judgment.

23. When an insurance company refuses to provide a defense, it does so at its own risk. *Brenner v. Lawyer's Title Ins. Corp.* 240 Va. 185, 189, 397 S.E.2d 100, 102 (1990).

24. The Fourth Circuit has stated: "[t]he Supreme Court of Virginia has recognized that a contract of liability insurance, which vests in the insurer control of the defense, creates a relationship of confidence and trust between insurer and insured, imposing on the insurer the duty to deal fairly with the insured in the disposition of third-party claims. *See Aetna v. Price*, 206 Va. 749, 760-61, 146 S.E.2d 220, 227-28 (1966). Consequently, if an insurer in bad faith refuses to settle a third-party claim within policy limits *or otherwise in bad*

5

*faith mishandles disposition of the claim*, and the claimant obtains a judgment in excess of the policy, the insurer must pay the judgment. Without the imposition of punitive damages, the doctrine of *Price* punishes the insurer for its bad faith by allowing recovery beyond the policy limits and deters similar conduct by other insurance companies." (Emphasis supplied.) *Bettius & Sanderson, P.C. v. National Union Fire Ins. Co. of Pittsburgh, PA.*, 839 F.2d 1009, 1016, 1017 (4th Cir. 1988).

25.     Moore has assigned Matthews all his rights against Nationwide in connection with the Roper policy and the accident, including without limitations all rights asserted in this action.

## PRAYER FOR RELIEF

Matthews therefore asks that this Court award him:

1)     Damages of $350,000;

2)     Attorneys fees and expenses under Virginia Code §8.01-66.1.D;

3)     Interest on the amount of the underlying judgment at 12% annually from the date the claim was submitted to Nationwide, as set forth under Virginia Code §8.01-66.1.D;

4)     Costs; and

5)     Such other relief as it deems proper.

## JURY DEMAND

Matthews demands a trial by jury on all issues so triable.

Respectfully submitted,

DONALD MATTHEWS

_____
John J. Rasmussen

Virginia State Bar No. 45787
Attorney for Donald Matthews
INSURANCE RECOVERY LAW GROUP, PLC
PO Box 8049
Richmond, Virginia 23223-0049
Telephone:   (804) 308-1359
Facsimile:   (804) 308-1349
E-mail:   jjr@insurance-recovery.com

Jason W. Konvicka
Virginia State Bar. No. 37418
Attorney for Donald Matthews
ALLEN ALLEN ALLEN AND ALLEN
P.O. Box 6853
Richmond, Virginia 23230
Telephone:   (804) 257-7528
Facsimile:   (804) 257-7569
E-mail:   Jason.Konvicka@AllenandAllen.com